# IN THE COURT OF APPEALS OF IOWA

No. 14-1644
Filed November 26, 2014

IN THE INTEREST OF B.G., B.G., and B.G.,
    Minor Children,

A.W., Mother,
    Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A mother appeals the termination of her parental rights to three children. **AFFIRMED.**

Les M. Blair III of Blair and Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, Mike Wolf, County Attorney, and Cheryl Newport, Assistant County Attorney, for appellee.

Neill Kroeger, LeClaire, for father

Brian P. Donnelly of Mayer, Lonergan & Rolfes, Clinton, attorney and guardian ad litem for minor children.

Considered by Mullins, P.J., and Bower and McDonald, JJ. Tabor, J., takes no part.

**BOWER, J.**

A mother, A.W., appeals the termination of her parental rights to three children.[1]  The mother claims the State has failed to carry its burden of proving by clear and convincing evidence her parental rights should be terminated.  We find the State carried its burden and affirm the juvenile court's order.

**I. BACKGROUND FACTS AND PROCEEDINGS**

The children, B.G., B.G., and B.G., were born in 2007, 2008, and 2011, respectively.  The Iowa Department of Human Services (DHS) first became involved with the children due to a founded child abuse assessment filed in January 2012 against the mother and father for lack of supervision and denial of critical care.  The assessment stemmed from a domestic disturbance between the children's parents, witnessed by one of the children, and the mother's continued problems with alcohol.  On two occasions in 2012 the mother was arrested and charged with operating while intoxicated (OWI).  The children were not with her at the time of the arrests.  After the second OWI, the DHS filed a child in need of assistance (CINA) petition for all three children.  In March 2013, the children were determined to be CINA but were allowed to remain in the mother's custody under the supervision of the DHS.  Shortly after the hearing, the mother was arrested and charged with a third OWI.  As a result, she was placed at the Hightower Place Transitional Housing's program for substance abuse treatment.  The children were allowed to live with their mother at Hightower.

---

[1] The father's parental rights were also terminated.  He does not appeal.

In October 2013, the mother successfully completed the Hightower Place program and moved to New Directions transitional housing. In November 2013, her residency at New Directions was terminated due to a domestic incident between her and the children's father. After the incident she admitted to several relapses and agreed to the removal of her children to foster care for their protection. Also in November, the children's father was arrested for manufacturing controlled substances and was eventually sent to prison for a term not to exceed ten years.

A review hearing was held in February 2014, and the DHS reported a lack of progress by the mother. The court scheduled a permanency hearing for all three children, which was subsequently continued to provide the mother with more time to obtain treatment. In August, the State petitioned for the termination of the parents parental rights, and the termination hearing was held on September 16.

In its termination order, the court noted the mother's lack of improvement and effort. From January through May 2014, the mother attended nine of fifty-nine scheduled substance abuse and mental health outpatient sessions. The mother did spend one month in a detoxification program but after release from the program failed to submit to all five requests for random drug testing. Further, the mother has cancelled or has been absent from seventeen of twenty-three visitations with her children from May through August 2014 even though the DHS provided transportation for her. The mother cited various medical reasons for the absences, though she was unable to provide proof of visits to a doctor. The DHS

noted the missed visitations were detrimental to the children. The DHS social worker assigned to the case recommended termination of the mother's parental rights. The children's guardian ad litem also recommended termination of the mother's parental rights. The juvenile court found clear and convincing evidence to terminate the mother's parental rights to the two older children pursuant to Iowa Code sections 232.116 (1)(d), (i), and (*l*) (2013), and her parental rights to the youngest child pursuant to Iowa Code sections 232.116 (1)(d), (h), (i), and (*l*) (2013).

## II. STANDARD OF REVIEW

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III. DISCUSSION

Iowa Code chapter 232, concerning the termination of parental rights, follows a three-step analysis. *P.L.,* 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the

grounds for termination should result in termination of parental rights. *Id.* Finally, if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

### A. Grounds for Termination

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by clear and convincing evidence. *D.W.*, 791 N.W.2d at 707. On appeal, the mother states the trial court erred in finding clear and convincing evidence existed to terminate her parental rights. She believes her noncompliance with the case plan created by the DHS cannot serve as a basis for termination. She claims she complied with the requirements of the case plan she was able to, taking into consideration her limited finances, transportation, and health concerns. The mother has failed to cite a specific ground, pursuant to section 232.11, to support her claim. After reviewing the record de novo, we conclude grounds for termination exist under sections 232.116(1) (i), and (*l*). For the purposes of this appeal, we will limit our analysis solely to section 232.116(1)(*l*).

Under section 232.116(1)(*l*), termination may be ordered if the child has been adjudicated a CINA, "[t]he parent has a severe substance-related disorder and presents a danger to self or others as evidenced by prior acts," and "[t]here is clear and convincing evidence "the [mother]'s prognosis indicates that the child will not be able to be returned to the custody of the [mother] within a reasonable period of time considering the child's age and need for a permanent home." Iowa

Code § 232.116(1)(*l*)(1)–(3). After the children were ruled CINA because of the mother's substance abuse and neglect, the DHS began offering services to address these issues. The record shows the DHS provided mental health and substance abuse counseling and treatment to the mother. The mother substantially failed to participate in these services. The mother attended only a small amount of the scheduled substance abuse counseling sessions. She failed to complete all five random drug tests. The mother was given additional time to comply with services and failed to do so. "[C]hildren should not be forced to wait for their parent to grow up." *In re M.Z.*, 481 N.W.2d 532, 536 (Iowa Ct. App. 1991). "Where the parent has been unable to rise above the addiction and experience sustained sobriety in a noncustodial setting, and establish the essential support system to maintain sobriety, there is little hope of success in parenting." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998). We find the State has carried its burden of proving by clear and convincing evidence the mother's parental rights should be terminated pursuant to section 232.116(1)(*l*).

### B.    Best Interests of the Child.

Even if a statutory ground for termination is met, a decision to terminate must still be in the best interests of a child after a review of section 232.116(2). *P.L.*, 778 N.W.2d at 37. In determining the best interests of the child, we give primary consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional conditions and needs of the child." *See* Iowa Code § 232.116(2). For

the reasons listed above, we find it is in the best interests of the children to terminate the mother's parental rights.

## IV.  CONCLUSION

There is clear and convincing evidence that grounds for termination exist under section 232.116(1)(*l*), termination of the mother's parental rights is in the children's best interests pursuant to section 232.116(2), and no consequential factor weighing against termination in section 232.116(3) requires a different result.  Accordingly, we affirm termination of the mother's parental rights.

**AFFIRMED.**